NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-471

COMMONWEALTH

vs.

GERARDO J. GOMEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the Roxbury Division of the Boston Municipal Court, the defendant was found guilty of possession of a firearm without a license.  Pursuant to Commonwealth v. Guardado, 491 Mass. 666 (2023) (Guardado I), and Commonwealth v. Guardado, 493 Mass. 1 (2023) (Guardado II), we vacate the conviction.

After trial in this case, the Supreme Judicial Court held in Guardado I, 491 Mass. at 686-693, that absence of licensure is an element of the offenses of unlawful possession of a firearm.[1]  In Guardado II, 493 Mass. at 7-12, the court held that, although the Commonwealth presented insufficient evidence

_____

[1] The Guardado decision was issued after we had issued our original decision affirming the defendant's conviction, but the rescript had not issued.

of absence of licensure at the original trial, the prohibition against double jeopardy did not bar a retrial.

After the issuance of Guardado II, the parties filed a joint status report in which they state that the Guardado decisions entitle the defendant to a new trial on his firearm conviction. Upon our independent review, we agree. We therefore vacate the conviction of unlawful possession of a firearm, with the Commonwealth remaining free to retry the defendant if it so chooses. See Guardado II, 493 Mass. at 12.

Judgment vacated.

Verdict set aside.

By the Court (Meade, Rubin & Blake, JJ.[2]),

Clerk

Entered: November 30, 2023.

---

[2] The panelists are listed in order of seniority.